An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

ELIOT A. ALPER; THE ELIOT A. ALPER REVOCABLE TRUST; SPACEFINDERS REALTY, INC.; AND THE ALPER LIMITED PARTNERSHIP, Appellants,

vs.

WILLIAM W. PLISE AND TENNILLE I. PLISE, Respondents.

No. 56650

**FILED**

MAR 2 6 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER DISMISSING APPEAL

This court previously directed appellants and respondents to file and serve status reports regarding the Chapter 7 bankruptcy filing of respondent William Plise and appellants' assertion, in their previous status report, that the bankruptcy court may resolve all of their claims, including those pertaining to respondent Tennille Plise. Among other things, the parties were directed to address whether, if the matters were dismissed without prejudice as to William, based on his bankruptcy filing, the case should nonetheless go forward as to Tennille.

Although respondents failed to file a status report, appellants have complied with this court's order and submitted their status report. In this document, they indicate that, although Tennille has not filed for bankruptcy, she is a codefendant with William in an adversary proceeding brought by the trustee in William's Chapter 7 proceeding, which presents identical issues to those before this court in the instant appeal. Appellants maintain that, in light of the adversary proceeding, they have not sought relief from the automatic bankruptcy stay to pursue this appeal and therefore have no objection to this court dismissing this appeal

SUPREME COURT
OF
NEVADA

(O) 1947A

13-08946

without prejudice to their right to move for reinstatement upon either the lifting of the bankruptcy stay or final resolution of the bankruptcy proceedings.

Having considered appellants' most recent status report and given the applicability of the automatic stay, this case may languish indefinitely on this court's docket until the federal bankruptcy proceedings are concluded. Under these circumstances, we conclude that judicial efficiency will be best served if the appeal is dismissed without prejudice. See Ingersoll-Rand Financial Corp. v. Miller Min. Co., 817 F.2d 1424, 1427 (9th Cir. 1987) (holding that an appellant/debtor was prevented from proceeding with an appeal when it had filed for bankruptcy and no relief from the automatic stay had been granted under 11 U.S.C. § 362(d)). This dismissal is without prejudice to appellants' right to move for reinstatement within 90 days of either the lifting of the bankruptcy stay or final resolution of the bankruptcy proceeding.

It is so ORDERED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc: Eighth Judicial District Court Dept. 4
Nathaniel J. Reed, Settlement Judge
Edward J. Hanigan
Johns & Durrant, LLP
Eighth District Court Clerk